UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH MALINOWSKI, et al.,

               Plaintiffs,

    v.                              Case No. 13-12402

ORLANS,                          HON. TERRENCE G. BERG
                                     HON. R. STEVEN WHALEN

               Defendant.
_____/

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

This matter is before the Court on Defendant Orlans's June 25, 2013 motion to dismiss for failure to state a claim upon which relief can be granted. The parties have fully briefed the motion. Having reviewed the motion and accompanying exhibits, Plaintiffs' response, and the remainder of the record, the Court finds that these documents adequately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

For the reasons set forth below, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED.

## I.     FACTUAL BACKGROUND

This is case is brought under the Fair Debt Collection Practices Act, and is also apparently a challenge to a mortgage foreclosure and subsequent sheriff's sale of

Plaintiffs' home.[1] (Dkt. 1 at 1, 3.) The complaint was submitted by pro se Plaintiffs, and is rather difficult to navigate. The relevant allegations, as best the Court can determine, are:

Plaintiff resides at 13188 Cove Ridge Drive, South Lyon, Michigan, and it is this property that was the subject of the disputed foreclosure ("the property"). (Dkt. 1 at 1, 6.)

On or about December 20, 2006, Plaintiff Judith Malinowski granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc., as mortgagee, and borrowed $244,000 from National Banking Association as lender. (Dkt. 1, Ex. A.) That mortgage was recorded with Livingston County on January 8, 2007. (*Id.*)

Mortgage Electronic Registration Systems, Inc., assigned the mortgage to Deutsche Bank Trust Company Americas in an assignment recorded with Livingston County on March 8, 2010. (Dkt. 7-3.) The Mortgage was assigned again in 2012 to Deutsche Bank Trust Company Americas as Trustee for RALI 2007QA3. (Dkt. 7-4.)

On or about January 23, 2012, Defendant sent Plaintiffs a debt validation letter informing Plaintiffs that Defendant was the agent for the holder of the note, and demanding payment of an alleged debt of $259,008.95. (Dkt. 1 at 2.)

On January 23, 2013, a sheriff's deed on mortgage foreclosure for the property was issued to Deutsche Bank Trust Company Americas as Trustee for RALI 2007QA3. (Dkt. 7-6.)

---

[1] Plaintiff Judith Malinowski, with the assistance of counsel, has also brought suit against Deutsche Bank, bringing similar claims concerning the same mortgage and foreclosure action. *Malinowski v. Deutsche Bank*, No. 13-13866 (E.D. Mich. Sept. 10, 2013).

On April 17, 2013, Plaintiff received notification that the property had been foreclosed on. (Dkt. 1 at 4.) Plaintiff then filed this suit on May 31, 2013. (Dkt. 1.)

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

For most claims, Federal Rule of Civil Procedure 8(a) requires that a plaintiff satisfy its pleading burden by drafting a "short and plain statement of the claim." Rule 9, however, requires that claims of fraud be supported with a statement detailing "with particularity the circumstances constituting fraud or mistake."

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III.   ANALYSIS

Plaintiff has failed to provide a "short and plain statement of the claim" and has not stated a claim upon which relief can be granted. The entire matter is, therefore, DISMISSED WITHOUT PREJUDICE.

Although Federal Rule of Civil Procedure 8 requires merely "a short and plain statement of the claim," Plaintiffs must still allege enough facts to make the claim plausible. *Twombly*, 550 U.S. at 556. Further, a complaint likely violates Rule 8 if it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandably on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *accord*

*Plymale v. Freeman*, 930 F.2d 919 (6th Cir. Apr. 12, 1991). "While a pro se complaint is to be 'liberally construed' and 'must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardue*, 551 U.S. 89, 94 (2007), 'basic pleading essentials' must still be met. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)." *Hayes v. Burns*, No. 13-CV-00028, 2013 WL 4501464, at *2 (M.D. Tenn. Aug. 22, 2013), report and recommendation adopted, No. 13-0028, 2013 WL 5331539 (M.D. Tenn. Sept. 23, 2013) (internal parenthetical citation omitted).

From a review of the claims in the Complaint, it is unclear which claims Plaintiff intends to bring against this Defendant, and even more unclear what the basis is for any possible claims. Indeed, Plaintiff specifically states that there are "specific claims withheld pending determination of proper party" and that "the purpose of this suit is not to make the claim against the instant defendant, but rather, to determine who the proper defendant should be." (Dkt. 1 at 19.) It is not clear to which of the claims this statement applies. Some of the possible claims include: "lender failed to give full disclosure"; "no proper documentation of charges"; "fraudulent concealment"; "validation of debt amounts not provided"; "false fees"; "notices must conform to standing law"; "restriction on sale of note"; "1st assignment of mortgage fails as a matter of law"; "collateral estoppel"; and "fraudulent authentication." (Dkt. 1 at 19–24.) All of these claims make allegations against the "lender," but the lender is not Defendant Orlans. *See, e.g.*, Compl. at 22. Because all of these claims do not allege that Defendant is the responsible or liable party, they fail to state a claim against Defendant. Similarly all of the allegations made on page

25 are made against the "bona fide holder," which is also does not appear to be the Defendant here.

The Complaint does contain what appear to be four "causes of action" made specifically against Defendant. (Dkt. 1 at 26–27.) In reviewing these claims, the Court concludes that all four of them fail to state a claim as well. First, Plaintiff alleges common-law fraud, but this claim does not meet the special pleading requirements of Rule 9 and is not supported by sufficient factual allegations that would allow the Court to find the claim plausible. The other three claims against Defendant are negligent misrepresentation, slander of title, and defamation arising from the allegations that Defendant allegedly "institute[ed] the . . . foreclosure," (Dkt. 1 at 27). None of these claims contain specific factual allegations that would support a plausible conclusion that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## CONCLUSION

Plaintiffs' complaint fails to comply with Federal Rules of Civil Procedure 8, 9, and 10, and fails to put Defendant on notice of the claims brought against it. Further, to the extent the possible claims Plaintiffs intended to bring against Defendant can be determined to any degree, those claims all fail to state a claim against Defendant. Accordingly, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2014

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 24, 2014, using the CM/ECF system, which will send notification to each party.

By: <u>s/A. Chubb</u>
     Case Manager
